UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MIL-SPEC INDUSTRIES,

            Plaintiff,          **DECISION AND ORDER**
                                    15-cv-5108 (ADS)(ARL)
  -against-

EXPANSION INDUSTRIES, LLC, RICHARD
SMISSEN, Individually, JOHN DOES (1-X,
Such Person Being Presently Unknown),

            Defendants.
------------------------------------------------------------------x

**APPEARANCES:**

**Marzec Law Firm, P.C.**
*Attorneys for the Plaintiff*
225 Broadway, Suite 3000
New York, NY 10007
      By: Darius A. Marzec, Esq., Of Counsel

**Ketover & Associates, LLC**
*Attorneys for the Defendants*
1225 Franklin Avenue, Suite 335
Garden City, NY 11530
      By: Joshua S. Ketover, Esq. Of Counsel

**SPATT, District Judge:**

Presently before the Court is a motion by the Plaintiff Mil-Spec Industries (the "Plaintiff" or "Mil-Spec") seeking to remand this action to the Nassau County Supreme Court under 28 U.S.C. § 1447(c), and for an award of costs and attorneys' fees allegedly incurred as a result of responding to the removal petition.

For the reasons that follow, the motion is granted in part and denied in part, and this matter is remanded to the state court for all further proceedings.

1

## I.     Relevant Background

On or about July 20, 2015, the Plaintiff commenced this action in the Nassau County Supreme Court against the Defendants Expansion Industries, LLC; Richard Smissen; and a John Doe Defendant, whose identity is unknown to the Plaintiff (collectively, the "Defendants"), seeking a declaratory judgment as to the rights and obligations of the parties under a contract, as well as compensatory and punitive damages based on common law slander. The Defendants were served with the pleading on July 27, 2015.

On September 2, 2015, the Defendants filed a Notice of Removal to this Court on the basis of diversity jurisdiction.

On September 30, 2015, the Plaintiff timely filed the instant motion to remand the case back to state court, contending that the federal removal statute, namely, 28 U.S.C. § 1446, required the Notice of Removal to be filed within 30 days after service of the pleading on the Defendants, or by August 25, 2015.  Therefore, the Plaintiff contends that because the Defendants filed the Notice of Removal seven days after the expiration of the relevant deadline, on September 2, 2015, its attempt to remove the case to federal court was ineffective.  Further, Plaintiff seeks an award of attorneys' fees and costs under 28 U.S.C. § 1447(c), which it contends is warranted because the Defendants sought removal without any objectively reasonable basis for doing so.

On November 24, 2015, six weeks after the time for responding to the motion expired, the Defendants wrote a letter to the Court requesting a conference because,

although they acknowledged that their Notice of Removal was untimely, and therefore procedurally defective; and although they conceded that a remand of this case to the state court is warranted; they apparently did not believe they should be required to pay the legal fees that were incurred by the Plaintiff in making the instant motion.

The Court denied the request for a conference, but, in its discretion, extended the Defendants' time to respond to the motion. On December 4, 2015, the Defendants filed a formal opposition; and on December 11, 2015, the Plaintiff filed a reply.

## II. Discussion

Initially, as noted above, the Defendants consent to the remand of this action to the Nassau County Supreme Court. See Def. Memo of Law at 5 (conceding that "the issue of remanding the matter to state court is now moot given the defendants' consent to same"). As the Plaintiff's motion was timely made under 28 U.S.C. § 1447(c), the Court grants the request and remands this matter to the Nassau County Supreme Court for all further proceedings.

However, remaining is the issue of whether the Plaintiff is entitled to reimbursement for the actual costs and attorneys' fees that it incurred in responding to an admittedly defective Notice of Removal. That question is discussed in greater detail below.

## A. As to Whether the Plaintiff is Entitled to an Award of Costs and Attorneys' Fees under 28 U.S.C. § 1447(c)

Under 28 U.S.C. § 1447(c), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." It is well-settled that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 162 L. Ed. 2d 547 (2005). "The Second Circuit has historically granted discretion to the district court in determining whether an award of attorney's fees is appropriate, requiring consideration of 'overall fairness given the nature of the case, the circumstances of remand, and the effect on the parties.'" Frontier Park Co., LLC v. Contreras, 35 F. Supp. 3d 264, 272 (E.D.N.Y. 2014) (Spatt, J.) (quoting Morgan Guar. Trust Co. of New York v. Republic of Palau, 971 F.3d 917, 924 (2d Cir. 1992)).

In this case, the crux of the Defendants' opposition is that they possessed an objectively reasonable basis for removing the action because all of the statutory requirements for invoking the Court's original diversity jurisdiction, as set forth in 28 U.S.C. § 1332, are indisputably satisfied, namely, there exists complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. The Defendants argue that the untimeliness of their Notice of Removal "does not negate the fact that the[y] . . . did have an objectively reasonable basis for seeking removal." See Def. Memo of Law at 7. The Court agrees.

4

The Court has previously granted attorneys' fees under § 1447(c) where, for example, the removing party asserted "no colorable basis for federal jurisdiction." Frontier Park, 35 F. Supp. 3d at 273. That clearly is not the case here. There is no dispute that the statutory requirements for invoking the Court's diversity jurisdiction are satisfied in this case, and, had the Notice of Removal been filed one week earlier, no grounds would exist for remanding this case to the state court. Circuit precedent does not support the conclusion that a one-week delay in filing an otherwise valid Notice of Removal warrants the imposition of costs and attorneys' fees. See Dela Rosa v. 610-620 West 141 LLC, 08-cv-8080, 2009 U.S. Dist. LEXIS 55058, at *12-*16 (S.D.N.Y. June 24, 2009) (the removal petition was filed eleven months after receipt of the state court complaint and "[a] reasonable inquiry into the applicable law would have revealed that the statutory criteria for removing th[e] action to federal court were not satisfied"); see also Four Keys Leasing & Maintenance Corp. v. Simithis, 849 F.2d 770, 774 (2d Cir. 1988) (the removal petition "was plainly frivolous" and "[t]here was no basis for diversity" jurisdiction); Mintz & Gold LLP v. Daibes, 15-cv-1218, at *12, *26 (S.D.N.Y. May 6, 2015), aff'd, 2016 U.S. App. LEXIS 4777 (2d Cir. Mar. 16, 2016) (the award of fees and costs was appropriate where a "frivolous" removal petition was filed nearly four years late; "was completely unsupported by legal authority"; and "was transparently motivated by [the defendant]'s desire to avoid having to pay [a] judgment ordered by the [state] appellate division"); Conn. v. McGraw-Hill Cos., 13-cv-311, 2013 U.S. Dist. LEXIS 585208, at *23 (D. Conn. Apr. 24, 2013) (the removal petition was filed three

5

years after receipt of the state court complaint and was "based on a legal premise that, even if valid, was readily apparent" long before removal was sought); Massad v. Greaves, 554 F. Supp. 2d 163, 167 (D. Conn. 2008) (the removal petition "was untimely and without any legal basis"); cf. In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 1:00-1989, MDL 1358 (SAS), M 21-88, 2006 U.S. Dist. LEXIS 20575, at *37-*38 (S.D.N.Y. Apr. 19, 2006) (denying an award under § 1447(c) where the removing party "raised colorable issues of law" in support of removal).

Further, there is no reason to believe that the Defendants wilfully or intentionally filed their Notice of Removal late in order to delay these proceedings or cause the Plaintiff to incur additional fees. See Martin, 546 U.S. at 140 (noting the policy rationale that awarding fees under § 1447(c) "reduces the attractiveness of removal as a method of delaying litigation and imposing costs on the plaintiff"). In this regard, the Defendants assert persuasively that, upon learning that their Notice of Removal had been filed seven days late, they admitted their error and voluntarily offered to stipulate to remand this matter to state court, evidencing a good faith effort to resolve the issue without further burdening the Court. Although the existence of bad faith on the part of the removing party is not a prerequisite to an award for costs and attorneys' fees under § 1447(c), it is "one non-dispositive factor" for the Court to consider in exercising its discretion. See Marlin Bus. Bank v. Holland Cos., LLC, 18 F. Supp. 3d 239, 241-42 (E.D.N.Y. 2014) (Spatt, J.). Under the circumstances of this case, the Court is of the view that these facts militate against an award of costs and attorneys' fees.

Accordingly, in the exercise of its discretion, the Court finds that an award of costs and attorneys' fees is not appropriate in this case.

### III. Conclusion

Based on the foregoing, the Plaintiff's motion is granted in part and denied in part. In particular, the Court grants the motion to the extent that it seeks to remand this action to the Nassau County Supreme Court for all further proceedings. Further, the Court finds that, despite being untimely, the Defendants' Notice of Removal did not lack an objectively reasonable underlying legal basis, and therefore, an award of associated costs and attorneys' fees is not warranted.

The Clerk of the Court is directed to close this case.

Dated:     Central Islip, New York
           April 11, 2016

                                        */s/ Arthur D. Spatt*
                                        ARTHUR D. SPATT
                                        United States District Judge